NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50311 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 5:19-cr-00355-ODW-1 |
| FRANCISCO JOEL BARAJAS-OCEGUERA, AKA Francisco Barajas, AKA Francisco Barajas Oceguera, AKA Francisco Oceguera, AKA Francisco Oceguera-Barajas, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 9, 2022
Pasadena, California

Before: SCHROEDER, TALLMAN, and LEE, Circuit Judges.

Francisco Barajas-Oceguera arranged for his package to be sent from South

Carolina to California by private carrier, Old Dominion Freight Company, on May

1, 2018. The Old Dominion driver, suspicious of the shipment he had been asked to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

pick up from an otherwise bare storage unit, called law enforcement. Task Force Officer Diez was dispatched to the scene. When he indicated to the driver that he could not open the package because he lacked probable cause, the driver, insisting that he was responsible for all cargo entrusted to his care, took it upon himself to open the sealed package without any prompting by Officer Diez—revealing bundles wrapped in electrical tape. Officer Diez was concerned the bundle might contain a dangerous drug such as Fentanyl, and he took a bundle and cut it open rather than watch the driver do so. Instead, he found the bundles contained currency totaling $106,020.00 that alerted positively for traces of narcotics.

Notified of the discovery in South Carolina by Officer Diez, DEA law enforcement agents in California surveilled the delivery of Barajas-Oceguera's package on May 9. They observed that when Barajas-Oceguera received the package at another storage unit he had rented, he tendered a new package for shipment. The DEA then searched the new package after the driver left the storage facility—recovering cocaine and heroin.

Barajas-Oceguera was indicted for conspiracy and possession with intent to distribute cocaine in violation of 8 U.S.C. §§ 846, 841. He moved to suppress the evidence of the May 1 search as obtained in violation of the Fourth Amendment and the May 9 search as fruit of that poisonous tree. The district court denied the motion, finding that the driver had apparent authority to consent to the search of the package

2

entrusted to him. Barajas-Oceguera entered a conditional guilty plea, allowing him to timely file this appeal of the denial of his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties raise a number of interesting arguments, including whether Barajas-Oceguera even has standing to contest the search given his use of false names to ship and receive his package; whether the automobile and "single purpose container" exceptions to the warrant requirement apply; and whether the inevitable discovery or attenuation doctrines would nonetheless prevent exclusion of the evidence garnered in the May 9 search. Under prevailing Ninth Circuit authority, Barajas-Oceguera likely has Fourth Amendment standing. *See United States v. Lopez-Cruz*, 730 F.3d 803, 808 (9th Cir. 2013). However, we assume so without deciding the issue, *United States v. Huggins*, 299 F.3d 1039, 1050 n.15 (9th Cir. 2002), and affirm the district court's finding that the Old Dominion driver had apparent authority to consent to the search of the bundled currency. *See United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005) (denial of a motion to suppress may be affirmed on any basis supported by the record).[1]

---

[1] Review of a district court's ruling on a motion to suppress, including whether the exclusionary rule applies, is de novo. *See United States v. Lundin*, 817 F.3d 1151, 1157 (9th Cir. 2016); *United States v. Adjani*, 452 F.3d 1140, 1143 (9th Cir. 2006). The district court's findings of fact are reviewed for clear error, but mixed questions of law and fact, such as whether an individual has authority to consent to a search, are reviewed de novo. *See United States v. Arreguin*, 735 F.3d 1168, 1174 (9th Cir. 2013).

"A third party has apparent authority to consent to a search of a container if the officers who conduct the search reasonably believe that the third party has actual authority to consent." *United States v. Fultz*, 146 F.3d 1102, 1105 (9th Cir. 1998). Here, the driver declared to Officer Diez that he was "'responsible' for what he would be transporting" and proceeded to open the various layers of packaging without any prompting by the officer. Under these facts, it was reasonable for Officer Diez to believe that the driver had actual authority to consent to his search of the suspicious bundle wrapped in electrical tape.

**AFFIRMED.**